IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVARO HERNANDEZ,

      Plaintiff,                    No. CIV S-10-2446 LKK CKD P

   vs.

K. BOUWMAN, et al.,

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. He is proceeding with claims arising under the Eighth Amendment. See November 22, 2010 Order. Defendants Bouwman and Moreno have filed a motion to dismiss for failure to exhaust administrative remedies.

      A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

/////

1

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California Department of Corrections and Rehabilitation (CDCR) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation generally will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

Administrative remedies must be "properly" exhausted which means use of all steps put forward by the agency. Woodford v. Ngo, 548 U.S. 81, 90 (2006). Also, "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.[1]

In his complaint, plaintiff alleges as follows:

1. On or about June 10, 2008, he was attacked by inmate Hill. Hill was permitted access to plaintiff by defendant McDaniels for the purpose of attacking plaintiff.

2. Defendant Bouwman knew the attack would take place but did nothing to stop it.

3. As a result of the attack, plaintiff lost a tooth and bled from his mouth. Plaintiff requested medical care from defendant Moreno but Moreno ignored his request.

---

[1] On January 26, 2011, plaintiff was informed of the requirements for opposing an motion to dismiss for failure to exhaust administrative remedies.

While defendants concede plaintiff exhausted administrative remedies against defendant McDaniels, defendants assert plaintiff never submitted an inmate grievance regarding the actions of Bouwman or Moreno.

Plaintiff attaches to his complaint a grievance in which plaintiff complains about the actions of defendant McDaniels.  However, no mention is made in the grievance of defendants Bouwman or Moreno or the actions plaintiff alleges they took on June 10, 2008.  Plaintiff does not allege in the grievance that he was denied medical care on June 10, 2008 or that some correctional officer other than McDaniels was aware inmate Hill meant harm to plaintiff, yet allowed Hill access to plaintiff anyway.  Plaintiff does not allege he submitted a separate grievance regarding the events of June 10, 2008 other than the one attached to his complaint and does not explain why he did not grieve the facts comprising his claims against Bouwman and Moreno.

In light of the foregoing, the court finds that plaintiff did not exhaust administrative remedies with respect to his claims against defendant Bouwman or Moreno.  Therefore, the court will recommend that plaintiff's claims against them be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' March 31, 2011 motion to dismiss be granted; and

2. Defendants Bouwman and Moreno be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

/////

/////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 Dated: October 3, 2011

                                          /s/ Carolyn K. Delaney
                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

[1] hern2446.57