IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVARO HERNANDEZ,

      Plaintiff,              No. CIV S-10-2446 LKK CKD P

  vs.

K. BOUWMAN, et al.,

      Defendants.       <u>ORDER</u>

/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant McDaniels, a correctional officer at the California Medical Facility, is the only remaining defendant. The remaining claim arises under the Eighth Amendment for failure to protect from inmate violence.

        Plaintiff has filed a motion seeking leave to amend his complaint. He has submitted a copy of the proposed amended complaint. Defendant has filed an opposition. Under Fed. R. Civ. P. 15(a)(2) the court should "freely grant leave [to amend] when justice so requires." With respect to the allegations against defendant McDaniels, plaintiff's amended complaint provides more details than the original and omits certain allegations. No claims other than the Eighth Amendment claim identified above are stated. While defendant suggests plaintiff may be attempting to raise state law claims in his amended complaint, plaintiff asserts in his reply that he

1

is not.  Furthermore, plaintiff fails to state any valid claims under California law because he has not pled compliance with California's Tort Claims Act.  See Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).

Good cause appearing, plaintiff's motion for leave to amend will be granted.  This action will still proceed on plaintiff's Eighth Amendment claim that defendant McDaniels failed to protect plaintiff from inmate violence.  Defendant McDaniels will be ordered to file his answer within fourteen days.

Defendant McDaniels has filed a motion to compel responses to McDaniels's interrogatories and request for production of documents.  Good cause appearing, that motion will be granted.  The court notes that plaintiff appears to have been under the belief that he did not have to respond to defendant's discovery requests until the court ruled upon plaintiff's motion for leave to amend.  While the court has no reason to suspect this belief was not in good faith, this is not the case and plaintiff fails to point to any legal authority suggesting as much.  Defendant requests $612.50 in attorneys fee under Fed. R. Civ. P. 37(a)(5)(A).  Given plaintiff's status as an incarcerated and pro se litigant, and the lack of bad faith in failing to respond to defendant's discovery requests, the court does not find an award of $612.50 to be just.  See id.  However, plaintiff is warned that if he fails to participate in discovery further without providing an adequate justification for doing so, the court may award attorneys fees necessary to obtain plaintiff's participation.

Finally, it appears defendant McDaniels served requests for admissions on plaintiff with his interrogatories and request for production, and plaintiff has not responded to those either.  Good cause appearing, the court will extend the time for plaintiff to respond to the requests for admissions under Fed. R. Civ. P. 36(a)(3).  Plaintiff will be given 21 days to serve his responses.  Plaintiff is warned that if he does not serve timely responses to defendants'

/////

requests for admissions, the matters presented in the requests will be deemed admitted under Fed. R. Civ. P. 36(a)(3).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 28, 2011 motion for leave to file an amended complaint is granted.

2. This action will proceed on plaintiff's Eighth Amendment claim that defendant McDaniels failed to protect plaintiff from inmate violence.

3. Defendant McDaniels shall file and his answer within fourteen days.

4. Defendant's January 9, 2012 motion to compel is granted.

5. Plaintiff shall serve responses to defendant's interrogatories and request for production of documents within 21 days.

6. Defendant's request for an award of fees under Fed. R. Civ. P. 37(a)(5)(A) is denied.

7. Plaintiff is granted 21 days to respond to defendant McDaniels's request for admissions.

Dated: April 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hern2446.mta