IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVARO HERNANDEZ,

    Plaintiff,                    No. 2:10-cv-2446 LKK CKD P

    vs.

K. BOUWMAN, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant McDaniels (defendant) has filed a motion for summary judgment. Plaintiff has not yet filed an opposition.

        On July 25, 2012, plaintiff requested that the court postpone consideration of defendant's motion for summary judgment because plaintiff has not yet received defendant's responses to plaintiff's interrogatories, and request for production of documents. Defendant opposes this request asserting that the requests for discovery identified above were served after the January 27, 2012 discovery cut off established in the court's October 6, 2011 scheduling order. Defendant points to evidence indicating the request for production was served on July 15, 2012 and the interrogatories were served on May 14, 2012.

/////

1

Because plaintiff has not obtained leave to serve late discovery requests, nor does he provide any justification for serving his discovery requests late, the court will deny plaintiff's request to postpone consideration of defendant's motion for summary judgment.[1]  Plaintiff notes correctly that under Federal Rule of Civil Procedure 56(d), the court has the authority to defer consideration of a motion for summary judgment if the non-moving party shows through an affidavit that he cannot present facts necessary to support his or her opposition.  However, a Rule 56(d) request should be denied unless the party opposing summary judgment specifically articulates how further discovery may preclude summary judgment and demonstrates diligence in pursuing discovery thus far.  Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir. 1994).[2]  Plaintiff has done neither.

In addition to his motion to postpone consideration of defendant's motion for summary judgment, plaintiff has filed a motion for an extension of time to file an opposition.  Good cause appearing, that request will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 25, 2012 request that the court postpone consideration of defendant McDaniels's motion for summary judgment is denied.

2. Plaintiff's August 20, 2012 request for an extension of time to file an opposition to defendant McDaniels's motion for summary judgment is granted.

3. Plaintiff shall file his opposition to defendant McDaniels's motion for summary judgment within thirty days.  Failure to file an opposition within thirty days will result

/////

/////

---

[1] In his request to postpone, plaintiff also asserts he has not yet received medical records which defendant promised to give plaintiff in a letter dated October 7, 2011.  However, plaintiff fails to identify whose medical records he seeks, and, if he seeks his own, why he cannot obtain them himself.

[2] In 1994, the text in section (d) in the current version of Rule 54 was found in section (f).

1  in a recommendation that this action be dismissed.  Any reply to plaintiff's opposition shall be
2  filed within 14 days of service of the opposition.
3    Dated: August 23, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hern2446.pos